Dear Ms. Borne:
This responds to your request for an opinion of this office pertaining to the proposal for the Parish of Lafourche and the South Lafourche Levee District to enter into an intergovernmental agreement to facilitate a FEMA sponsored flood mitigation project.
As we understand the facts, the South Lafourche Levee District has requested the Parish of Lafourche to pay the local matching funds for the FEMA flood mitigation grant to construct a bridge over 20 Arpent Canal at its intersection with the Breton Canal. The stated purpose of the bridge is to increase drainage flow through 20 Arpent Canal into Breton Canal, which leads to a pumping station owned and operated by the South Lafourche Levee District, as explained by Mr. Kermit J. Kraemer, Jr., Director, Department of Public Works and correspondence submitted in connection with this opinion request.
In reviewing this matter, we have relied upon the various items of correspondence from the Lafourche Parish Council, with the accompanying documents, which include various right-of-way documents, conveyances and plats. Also presented were engineering calculations showing current and projected flow rates relating to the proposed bridge and culvert alternatives. Included were calculations by Picciola Associates, Inc., and a hydrological study by J. Wayne Plaisance, Inc.
From our review of the documents, we have been unable to determine whether the Parish of Lafourche or the South Lafourche Levee District has continuing legal rights of access for drainage purposes or to provide public passage on both sides of 20 Arpent Canal such that the public at large could use the proposed bridge or right-of-way. It appears that 20 Arpent Canal may only be reached via a private drive which is locked and gated. Under these circumstances, the public at large would not be able to use the right-of-way, whether a bridge is constructed or culverts are installed to facilitate a greater flow through 20 Arpent Canal. However, the parish and levee district may be allowed access for drainage maintenance purposes.
As stated above, the basic question presented is whether governmental entities may enter into intergovernmental agreements for a public purpose. This inquiry leads directly to the constitutional constraints which apply to the expenditure of public funds.
As to your basic question, may the Parish of Lafourche enter into an intergovernmental agreement with the South Lafourche Levee District, our answer is in the affirmative. Your attention is directed to LSA-R.S. 33:1324, which provides, in pertinent part, as follows:
 Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
* * *
 (6) Flood Control, drainage, and reclamation projects.
 (7) Purchase of materials, supplies and equipment for use in the maintenance of governmental services authorized under this part or under any other general or special law.
 (8) The construction, operation and maintenance of canals, ship channels, or portions of canals or ship channels, or a branch of a canal or ship channel, to be constructed, widened, deepened or improved * * *.
Therefore, according to the language of the statutes, political entities such as the Parish of Lafourche and the South Lafourche Levee District may enter into intergovernmental agreements for the stated purposes, including the construction of a bridge, flood control, drainage and other such projects.
Cooperative endeavors for a public purpose are further authorized by Art. VII, § 14 of the Louisiana Constitution of 1974, which also prohibits the use of funds, credit or property of public entities from being used for a purely private purpose. The constitutional provision states as follows:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Therefore, funds, credit or property of the Parish of Lafourche may be used for public purposes when in the public interest, but not for a purely private purpose or for one which predominantly benefits a private landowner or private group, as distinguished from the public at large. In this connection, a review of an analysis made of the various alternatives pertaining to 20 Arpent Canal gave consideration to five (5) different types of structures to allow traffic to access the east side of 20 Arpent Canal, including a bridge and four (4) different box culvert configurations. The costs varied widely, ranging from $50,000 for 72" culverts to $120,000 for a bridge. Using these cost estimates, a bridge is the most expensive alternative, although all alternatives would provide passage over 20 Arpent Canal.
While there are no hard and fast rules prescribed by law other than the public purpose requirement, this does require consideration of what is fair, reasonable and lawful under a particular set of circumstances. As stated in my letter of October 31, 1997, unless the police jury and the levee district can satisfactorily demonstrate that a bridge is technically required for engineering reasons, or is the least expensive alternative, the constraints of the Constitution may prohibit the police jury from providing local matching funds to construct a bridge which will be used primarily for private purposes, as distinguished from use by the public at large.
Because this office is not in a position to evaluate all technical details of the proposed project, it is recommended that the police jury give further consideration to all available alternatives and select the one which is most appropriate under prevailing circumstances and conditions. Thereafter, it is recommended that the alternative which is selected be given legal review prior to implementation to insure that it meets all pertinent legal requirements, as outlined above.
We hope that this opinion is of value to you, and if we may be of further assistance, please call upon us at anytime.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK:bb